# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-109 TLS |
| | ) | |
| SHERIFF HERMAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

While he was a prisoner confined at the Allen County Jail, Robert Booker submitted the complaint in this case under 42 U.S.C. § 1983 against Allen County Sheriff James Herman and several other jail officials. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Booker brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before bringing an action with respect to prison conditions. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), *quoting Porter v. Nussle*, 534 U.S. 516, 122 (2002).

It is unclear from Mr. Booker's complaint whether or not he grieved all issues presented in his complaint. Moreover, "defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." *Perez v. Wisconsin Dept. of Corrections,*182 F.3d 532, 536 (7th Cir. 1999). For these reasons, the court will not address the question of exhaustion of administrative remedies at the screening stage. If the defendants wish to pursue any failure to exhaust an available administrative remedy as an affirmative defense, they may file a dispositive motion addressing that issue.

Mr. Booker alleges that the defendants defamed his character by saying untrue things about him. But even if they did make untrue statements about him, defamation states no claim upon which relief can be granted under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).

2

Mr. Booker alleges that the defendants discriminated against him on basis of race, gender, and disability in violation of the Fourteenth Amendment's equal protection clause But a plaintiff cannot avoid dismissal simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims. *Sutliff Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984); *Thomas v. Farley*, 31 F.3d 557 (7th Cir. 1994). Even construing this complaint liberally, it does not appear to state a claim under the Fourteenth Amendment's equal protection clause.

Mr. Booker complains, at length, that Allen County Jail officials used excessive force on him, exposed him to rigorous conditions of confinement, and deprived him of adequate medical treatment, in violation of the Constitution's Eighth and Fourteenth Amendments while he was confined at the jail as a pretrial detainee. The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments; the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Mr. Booker was a pretrial detainee when he was segregated, so his claims arise under the Fourteenth Amendment. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

3

A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

Mr. Booker asserts that he has serious medical needs and that Sheriff Herman, Jail Commander Stevens, Medical Director Vicky Stonebreaker, Nursing Director Elizabeth, Clester, Nurse Beth Thomas, and Kitchen Director Linda ignored his needs, causing him long-lasting and excruciating pain. He also alleges that they interfered with the medical diet he had been prescribed. Assuming that Mr. Booker grieved these claims, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that these claims do not state a claim upon which relief can be granted.

Mr. Booker alleges that Confinement Officer Glassers consistently spit chewing tobacco into his food, rendering it inedible. Assuming that Mr. Booker grieved this claim, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his claim against Officer Glassers.

Mr. Booker alleges that Confinement Officer Plouhge violated his federally protected rights by choking him until he lost consciousness and then bodily throwing him in a cell. Assuming that Mr. Booker grieved this claim, giving him the benefit of the inferences to which he is entitled at the

pleadings stage, the court cannot say that he can prove no set of facts consistent with his excessive use of force claim against Officer Plouhge.

Mr. Booker alleges that Confinement Officer Fink "badgered him every time" he saw him, and told others he thought that Mr. Booker was "faking" his pain. He also alleges that Confinement Officer Bobby Ensal called him a dope junkie and verbally harassed him in other manners. Even giving Mr. Booker the benefit of the inferences to which he is entitled a the pleadings stage, these allegations state no claim upon which relief can be granted. There is "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and verbal abuse and harassment are not sufficient to state a claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewksi v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Mr. Booker alleges that Sheriff Herman ignored a court order to provide him medication and housed him in a ward with "bio hazards." But not following a state court order does not allege violation of rights secured by the Constitution and laws of the United States, and Mr. Booker does not allege that he suffered any actual harm from being exposed to bio hazards.

Mr. Booker alleges that in January 2006, Confinement Sergeant Christo Magdich violated his federally protected rights by having him put in deadlock for making three-way phone calls in violation of jail rules after another officer had already given him a verbal warning about making such calls and he had promised to make no more calls. Mr. Booker states that he had a disciplinary hearing and does not allege that he was denied due process at the hearing. Even giving him the benefit of the inferences to which he is entitled a the pleadings stage, these allegations state no claim upon which relief can be granted.

Mr. Booker also alleges that Sgt. Madgich placed him in a cell which had no heat heat and that the average temperature in the cell was fifty degrees. He also alleges that the cell had other serious deficiencies. Prison conditions may be harsh and uncomfortable without violating the Eighth

5

Amendment's prohibition against cruel and unusual punishment, *Farmer v. Brennan*, 511 U.S. at 833-834, but prisoners are entitled to "the minimal civilized measure of life's necessities," including adequate shelter. For this reason, prisoners have a right to protection from extreme cold. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). Assuming that Mr. Booker grieved this claim, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his conditions of confinement claim for the cell he was housed in January 2006.

Mr. Booker seeks to sue a John Doe and a Jane Doe nurse. A prisoner needs to furnish the court with sufficient information to identify the defendant, "'John Doe No. 23' won't do." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Moreover:

> [I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Accordingly, the court will dismiss the Doe defendants, and the claims against them. If Mr. Booker is able to identify any of these defendants and can state a claim against them, he may file a motion seeking to amend his complaint to add them as defendants.

Mr. Booker did not submit summonses and process receipt and return forms for the defendants, and has not responded to the order to cure deficiencies advising him that unless he provides these documents, the Marshals Service will not serve the defendants with process on his behalf. If Mr. Booker wishes to serve the defendants himself, he must submit summonses which the Clerk's office will sign, seal, and return to the him. If he wishes to have the clerk's office serve the defendants on his behalf, he must cure the deficiencies noted in the court's order of April 26, 2006. The court advises the plaintiff that failure to serve the defendants within one hundred and twenty days may lead to the dismissal of this complaint pursuant to Fed. R. Civ. P. 4(m).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Herman, Stevens, Stonebreaker, Clester, Thomas, and Kitchen Director Linda in their personal capacities for damages on his claim that they were deliberately indifferent to his serious medical needs, GRANTS the plaintiff leave to proceed against defendant Glassers on his claim that defendant Glassers spit in his food, GRANTS the plaintiff leave to proceed against defendant Plouhge on his claim that defendant Plouhge used exessive and unnecessary force on him, and GRANTS the plaintiff leave to proceed against defendant Magdich on his conditions of confinement claim that defendant Magdich placed him in a cell that was too cold and otherwise deficient;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Fink, Ensal, John Doe, and Jane Doe, and DISMISSES all claims other than those described in the preceding paragraph;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon them, the defendants are to respond to the complaint as provided for in the Federal Rules of Civil Procedure.

SO ORDERED on June 28, 2006

/s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT